H. P. HUMPHREY, as Executor, etc., of ZAROOKE KASPARIAN, Deceased, Appellant, v. COMMERCE INSURANCE COMPANY OF GLENS FALLS, NEW YORK, Respondent, and WILLIAM VOELLM, Defendant.— The testatrix and her husband were the

owners of land, and the defendant insurance company issued a policy on the buildings and content. The husband conveyed his interest to his wife, and the policy of insurance was properly indorsed by the company to show title in the wife. Several months after the delivery of the deed and the making of the indorsement, the insurance company attempted to cancel the policy in accordance with its terms, viz., on a five days' written notice to the owner. A cancellation notice was prepared and addressed "To Herbert H. Kasparian and Z. Kasparian," and mailed to the post office address of the insured and her husband. The proof shows that this notice was sent by special delivery, was delivered to the husband, and that a receipt therefor was signed by him. There is no proof whatever that the husband was the agent of the wife, that she ratified his act in receiving or receipting for the notice by mail, or that any knowledge of the notice was ever received by her. On the trial the insurance company further sought to prove its defense by an entirely different set of facts, viz., that the broker who procured the issuance of the policy in question took a copy of the cancellation notice, which was addressed to the mortgagee, to the home of the insured, and delivered it to her, and asked her to procure the mortgagee to sign the same, and to return it to him; that it was signed by the mortgagee and returned to the broker by the insured; and at that time that the broker returned to her the amount of the unearned premium, twenty dollars and fifty cents. There was no proof of any other conversation between the broker and the insured at any time, touching the cancellation of the policy or notice thereof, or touching the return of premium, or the reason therefor. There was a failure of proof that the company canceled the policy in question by giving to the insured a five days' notice in writing of such cancellation, as required by the policy provision. Judgment and order reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event. Hill, P. J., McNamee and Bliss, JJ., concur; Crapser and Heffernan, JJ., dissent and vote to affirm.